C.A. No. 26 - 4511

In the United States Court of Appeals
for the Ninth Circuit

| | |
|---|---|
| Deangelo Lamont Mitchell<br>Plaintiff - Appellant<br><br>v.<br><br>Nathanjah Breitenbach<br>Respondent - Appellee | D.C. No. 3:24-cv-00153<br>(District of Nevada, Reno) |

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
AUG 27 2026
FILED
DOCKETED
DATE INITIAL

**Appellant's Opening Brief**

Appeal from the United States District Court
for the District of Nevada, Reno

DEANGELO L. MITCHELL #68400
Plaintiff In-Proper Person
Northern Nevada Correctional Ct.
P.O. Box - 7000
Carson City, Nevada - 89702

# TABLE OF CONTENTS


I. ISSUES PRESENTED FOR APPEAL . . . . . . . . . . . . 1

II. JURISDICTIONAL STATEMENT . . . . . . . . . . . . 1

III. STATEMENT OF THE CASE . . . . . . . . . . . . 2

A. Nature of the Case . . . . . . . . . . . . 2

B. Course of the proceedings and disposition in District Court . . . . . . . . . . . . 2

IV. STATEMENT OF FACTS . . . . . . . . . . . . 7

V. ARGUMENTS . . . . . . . . . . . . 8

VI. CONCLUSION . . . . . . . . . . . . 11

VII. CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . 12

Certificate of Service . . . . . . . . . . . . 12


# TABLE OF AUTHORITIES

## Federal Cases


Anderson v. Liberty Lobby. Inc, 477 U.S. 242 (1986) . . . . . . . . . . . . 7, 9

Flagner v. Wilkinson, 241 F.2d 475 (6th Cir. 2021) . . . . . . . . . . . . 10

Lake Wash. Sch. Dist., 947 F.3d 621 (9th Cir. 2020) . . . . . . . . . . . . 6

Ndulue v. Fremont – Ride Out Health Group, 770 Fed. App. 335 (2019) . . . . . . . . . . . . 7

Shimer v. Washington, 100 F.3d 506 (7th Cir. 1996) . . . . . . . . . . 10

Turner v. Safley, 428 U.S. 78 (1987) . . . . . . . . . . 1, 5, 9, 10, 11

Walker v. Summer, 917 F.2d 382 (9th Cir. 1990) . . . . . . . . . . 10

## Federal Statutes

28 U.S.C. 1915 A (a) . . . . . . . . . . 7

28 U.S.C. 1331 . . . . . . . . . . 2

28 U.S.C. 1291 . . . . . . . . . . 2

28 U.S.C. 636 . . . . . . . . . . 7

42 U.S.C. 1983 . . . . . . . . . . 2

## Federal Rules

Fed. R. App. P. 32 . . . . . . . . . . 12

Fed. R. App. P. 4 (a) (1) (A) . . . . . . . . . . 2

Fed. R. Civil. P. 73 . . . . . . . . . . 7

## State Statutes

Nevada Revised Statute 239.010(3) . . . . . . . . . . 4, 11

U.S. CONSTITUTIONAL AMENDMENT

First Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Other Authorities

NDOC Administrative Regulation 750.03(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

NDOC Administrative Regulation 120.08(g)(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

## APPELLANT'S OPENING BRIEF

## I.

## ISSUES PRESENTED FOR APPEAL

A. Whether the district court erred in granting summary judgment where the only evidence supporting the warden's claim that the requested parole records contained confidential information was the warden's own declaration.

B. Whether the district court improperly resolved disputed issues of material fact in favor of the moving party by accepting the warden's characterization of the requested records without actually reviewing the records, requiring their production or obtaining testimony from members of the Nevada Board of Parole Commissioners.

C. Whether the district court misapplied Turner v. Safley, by treating appellants claim as a facial challenge to prison regulations governing confidential information when appellant challenged only the warden's "application" of those regulations to records that included information classified by prison regulations as public information

D. Whether the district court failed to properly consider appellant's proposed redaction alternative when evaluating the fourth Turner factor.

## II.

## JURISDICTIONAL STATEMENT

The United States Court for the District of Nevada has subject matter jurisdiction pursuant to 28 U.S.C € 1331 because this action arose under the Constitution and laws of the United States. Plaintiff Appellant asserted a claim under 42 U.S.C. € 1983 alleging violation of his rights under the First Amendment to the United States Constitution.

On June 18, 2026, the district court entered an order granting Defendant-Appellee's motion for summary judgment and dismissing all remaining claims. CR 391. Judgment was entered the same day CR 40

Plaintiff – Appellant timely filed Notice of Appeal on July 2026, within the time prescribed by Federal Rule of Appellate Procedure 4 (a)(1)(A).

This court has appellate jurisdiction under 28 U.S.C. € 1291 because the appeal is taken from a final judgment disposing of all claims of all parties.

To the extent any interlocutory orders merged into the final judgment, this court possesses jurisdiction to review those orders under the merger doctrine.

## III.
## STATEMENT OF THE CASE

A. Nature of Appeal

This is an appeal from the district court's grant of summary judgment to defendant Appellee .

B. Course of the proceedings and disposition in the district court.

On July 6, 2023, Appellant made a public records request to the Nevada Board of Parole Commissioners ("The Board") seeking an official copy of his codefendant's parole orders. CR 32. Specifically, plaintiff requested a copy of "each and every order of the parole board's 'Risk Assessment' for inmate Shauntay J. Wheaton #68329 and the board's decisions to grant or deny him parole. CR 32.[1] Plaintiff sought the documents for analysis and use as an exhibit in

1. "CR" refers to the federal district court record, followed by the docket number, and then the citation to the pages.

his contemplated civil rights litigation against the parole agency, CR 27. Essential to the claims plaintiff wished to present to the court was an "Inter Jurisdictional Analysis" Highlighting the plight of other juvenile offenders who had issues that were similar to those that plaintiff had encountered with the parole agency .

On July 17, 2024, the Board responded to plaintiff's request by sending a letter to plaintiff stating that :

> ... The parole orders from 4/5/2006, 4/13/2004. And 12/21/2001 have been sent to the NNCC Warden's office. PLEASE CONTACT THEM TO REVIEW.

The parole board's delivery of plaintiff's requested parole orders to the warden's office was accompanied with a letter to the warden which stated that:

> The above inmate, who is in your custody, has requested copy of parole orders for another inmate. I do not believe these could (or should ) be sent directly to the inmate. I am therefore forwarding these records to your attention.
>
> ... The inmate will likely kite to review the records. At your convenience, PLEASE ALLOW THE INMATE TO DO SO. If you have any questions. Please do not hesitate to contact me.
> See "CR 12 of 34"

On July 23, 2024, Appellant sent an inmate request form to the NNCC warden detailing his need for the requested records and mentioning their intended use in his contemplated litigation. CR 14 of 34. Plaintiff respectfully asked the warden to transmit the requested records but was only able to receive a "false representation" from the warden regarding the issue. The warden claimed that:

> All public record requests must go through the office of the NDOC public information officer – 5500 Snyder Ave, Blvd #17 Carson City, Nv. – 89701
> See Id.[2]

---

2. It is important to note that the Nevada Department of corrections has no Administrative Regulations, or written policy requiring censorship or withholding of requested public records by the NDOC public information officer when an outside agency, such as the parole board, has already authorized diclosure.

Ultimately, the warden declined to relinquish the requested records and appellant exhausted any and all available administrative remedies regarding the issue.

On January 2, 2025. Appellant filed suit against the warden and the parole boards executive secretary, over the issue concerning his requested records.

The case eventually underwent screening and appellant was allowed to proceed on a claim that the warden had violated his First amendment right to receive information while incarcerated.

All claims against the board's executive secretary were dismissed without prejudice. "CR 7"

On April 17, 2026, Appellant filed Summary Judgment against the warden. "CR 32". During discovery, the warden had admitted that:

° The denied parole records included portions expressly deemed "public information" about appellant's co-defendant under Administrative Regulation (A.R.) 120.08 (1)(g)(j) to include: 1). His parole board results available to NDOC, and 2). His expected date of release on parole.

° She took no action to redact any 'personal' or "confidential" identifiers from the requested records as required by Nevada Revised Statute (NRS) 239.010 (3).

° She performed no written 'risk assessment' before deciding to withhold appellant's requested records.

° She has "no evidence" (direct or otherwise) to prove that appellant's reason for wanting to access his co-defendant's parole records was for any reason other than to support his contemplated legal claims.

° Inmates routinely have access to the same parole information regarding other inmates through various unregulated media sources including televised news segments, newspaper articles, published appellate opinions, and prison legal news reporting on parole hearings.

At summary judgment, appellant argued that under the first factor mentioned in Turner v. Safley, there was no rational connection between the warden's decision to deny appellant's access to his requested parole records and her stated goal of preventing inmate-on-inmate violence, because the prison already allowed appellant access to the same information through unregulated media sources. CR 32. Under appellant's theory, the warden's restriction was not rational when its alleged harms existed equally in permitted activity. Appellant argued that the warden's restriction was 'under-inclusive' because it did not advance the asserted goal. Cr 32. In sum, appellant's challenge was only to the warden's 'application' of the prison regulations that governs an inmate's request for another inmate's record, not a 'facial' challenge to those regulations. Specifically, the inmate was arguing that "the particular records were public records that the parole board authorized him to review". Despite this, the District Court framed the case as:

"Is the regulation (A.R. 750.03 (2)) Constitutional"

On this point, the court stated:

"Mitchell argues he is entitled to summary judgment because the regulation supporting the warden's refusal to release the public parole documents does not satisfy the Turner test." CR 39 at 22-23.

"Thus, the court concludes that A.R. 750.03. (2) is reasonably related to a legitimate penological purpose and is valid under Turner. "CR 39 at 22-23

In this way, the district court analyzed and addressed a claim different from the one that appellant actually pleaded.

In her opposition to appellant's motion for summary judgment, the warden claimed that the records she received from the parole agency regarding appellant's records request contained "confidential" information about other offenders. CR 36 at 11 -13. The warden provided a sworn declaration explaining that in "July of 2023, she received a banker's box of records containing approximately 5,000 pages of various offender's records for [Mitchell] from the parole board". CR 34 -1. The warden explained the records contained other inmate's social

security numbers, dates of birth and other confidential[3] and personal information, Id. As an alternative means for which appellant could have obtained the records, the warden proposed that appellant should have 1.) Submitted his request to the NDOC public information officer 2.) Obtained pro bono counsel or 3.) Used the law library. CR 34-1. The warden further explained that any release of the public, parole records could allow inmates to 'glean information about rivals in other gangs to facilitate attacks on them'. CR 34-1, and that 'there is a distinction between accessing surface level information pertaining to other offenders through public media and possessing in-depth personal information about another inmate'. CR 34-1

Ultimately, the district court accepted the warden's characterization of the records as "confidental" (including the portions of them that are deemed public under A.R. 120.08 (g)(j)). The court also concluded that disclsure of the records would jeopardize prison security, and that alternative means for appellant to exercise his right to information existed because 'he was provided with the alternative of requesting information through the NDOC P10, requesting appointment of pro bono counsel to review the documents, and accessing information from other legal proceedings through the law library' CR 39 at 15-18.

On June 18, 2026, the district court denied appellant's motion for summary judgement and granted the warden's motion for summary judgement. CR 39. The case was officially closed that day and judgment was entered accordingly.

The instant appeal follows.

## STANDARD OF REVIEW

This Court reviews grant of summary judgment de novo. Lake Wash. Sch. Dist, 947 F.3d 621, 625 (9th Cir. 2020).

Summary judgment is appropriate only where there exists no genuine dispute of

3. The only evidence that the records contained 'confidential' information was the warden's own, self-serving declaration. Simultaneously, there was contrary evidence submitted at summary judgement (e.g. the parole board's letter to the warden authorizing disclosure) that created a dispute as to whether the requested records genuinely contained confidential information about other offender's. In this way, the district court granted summary judgement despite the central, factual dispute.

material fact and the moving party is entitled to judgement as a matter of law. In evaluating summary judgement, courts must view the evidence in light most favorable to the non-moving party and may not weigh the evidence or make credibility determinations. Anderson v. Liberty Lobby, Inc, 477 U.S. 242 (1986). The Ninth Circuit likewise recognizes that the district court's role at summary judgement is not to weigh evidence but only to determine whether a genuine issue exists for trial. Ndulue v. Fremont - Rideout health Group, 770 Fed. Appx. 335 (2019).

## IV.

## STATEMENT OF THE FACTS

On March 29, 2024, Appellant submitted a civil rights complaint under 42 U.S.C. 1983 and application to proceed in forma pauperis for events which occurred while incarcerated with the ("NDOC") at Northern Nevada Correctional Center ("NNCC"). CR 8. On December 31, 2024, the court screened the complaint pursuant to 28 U.S.C. §1915A (a). CR 7.

On May 20, 2025, an early mediation conference was held before a mediator. CR 12. A settlement was not reached.

On July 21, 2025, Respondent - Appellee filed an answer to Plaintiff's complaint. CR 16.

On August 18, 2025, the court issued an order requiring the parties to conduct and complete discovery within 180 days. CR 20. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73, the court also presented the parties with the option of consenting to have a magistrate judge conduct all proceedings in the case including trial, the entry of final judgment, and all posttrial proceedings. Id.

On August 25, 2025, Appellant submitted written consent to allow the U.S. Magistrate to have exclusive jurisdiction of the case. CR 23.

The parties completed discovery in accordance with the court's February 14, 2026, deadline and subsequently filed competing motions for summary judgement. Cr 32 and 34.

## V.
## ARGUMENT

**A.) The District Court Improperly Resolved A Disputed Issue of Material Fact.**

The central factual issue in this case was whether the requested records constituted public information of confidential offender information.

Appellant requested records related to his co-defendant's parole proceedings. CR 32. NDOC Adinistrative Regulation 120.08 (g)(j) expressly identifies parole results and expected parole release dates as public information.

The Nevada Board of Parole Commissioners responded to Appellant's request by transmitting the requested records, to the institution and informing the warden to 'ALLOW THE INMATE TO REVIEW THEM'. CR 12 of 34

The warden nevertheless denied access and later asserted that the material contained confidential information concerning other offenders. The only evidence supporting that assertion was the warden's own declaration:

- No parole official testified or submitted a declaration to the court regarding the nature of the records.
- The records were never produced.
- the judge never reviewed them.
- No privilege log was produced.
- No in - camera inspection occurred.

No documentary evidence established that the records sent by the parole board were the same records described in the warden's declaration.

Despite these unresolved issues, the district court assumed that because the warden claimed the records contained confidential information, the records therefore fell under A.R. 750.03 (2). But Appellant's position was that:

> "The requested records included information that A.R. 120.08 (g)(j) classify as public"

The district court's analysis never seems to grapple with that conflict. Instead, it treated the records as confidential from the outset and then evaluates the Turner factors based on that assumption. Such an approach:

- Resolved a disputed factual issue against the non-moving prisoner.

- Drew inference in favor of the moving party (warden)

- Bypassed the question whether public information could be segregated from any confidential information.

Under Anderson, courts may not weigh competing evidence or resolve factual disputes at summary judgement. The court's acceptance of the warden's factual narrative improperly resolved a material factual dispute against the non-moving party.

### B.) The District Court Mischaracterized Appelant's Claim

The district court repeatedly analyzed whether restrictions on confidential inmate information serve the legitimate penological interest of promoting inmate safety by reducing the risk of prison violence.

However, the question was not merely whether inmate safety is a legitimate objective, as everyone agrees that it is. The question, rather, was whether withholding the requested records were rationally related to that objective.

Appellant argued that the requested records contained information classified as public under NDOC regulations and that the parole board itself had authorized review. The issue, therefore, was not whether A.R. 750.03 (2) was constitutional on its face. The issue was whether the warden properly invoked that regulation to withhold records that included information classified elsewhere by prison regulations as "public" information.

By addressing a facial challenge that Appellant never asserted, the district court failed to resolve the actual dispute presented.

### C.) The District Court's Turner Analysis Rested On An Unproven Factual Basis.

The first Turner factor asks whether a rational connection exists between the challenged restriction and a legitimate governmental objective. Turner v. Safley, 482 U.S. 78 (1987).

The district court identified inmate safety and prevention of gang violence as legitimate interest. Appellant did not dispute that proposition. However, the court never addressed whether withholding the specific records requested by appellant was rationally connected to those interest.

The warden admitted she possesed "no evidence" that appellant sought the records for any improper purpose. CR 32 at 34 of 34.

No evidence established that disclosure of the requested parole information would facilitate violence. Instead, the district court relied on generalized concerns regarding prison gangs and inmate safety.

While Turner requires deference to prison officials, it does not authorize courts to dispense with evidentiary requirements. See Walker v. Sumner, 917 F.2d 382 (9th Cir. 1990) (prison officals may not obtain summary judgement based on conclusory assertions without explanation or factual support) Flagner v. Wilkinson, 241 F.3d 475 (6th Cir. 2001) (holding that defendants were not entitled to summary judgement on an applied challenge to a religious restriction without 'evidence' supporting their arguments that related to the individual appellant) Shimer v. Washington, 100 F.3d 506 (7 th Cir.1996) (Requiring evidence not mere assertion).

The constitutional inquiry must remain connected to the actual facts of the case.

Here, the district court's analysis repeatedly assumed the records contained confidential information without first resolving whether that assumption was supported by the record.

**D.) The District Court Failed To Consider Redaction As A Ready Alternative.**

The fourth Turner factor examines whether obvious, easy alternatives exist that would accommodate the asserted right at minimal cost to valid penological interest.

At summary judgement, appellant expressly argued that any genuinely confidential information could be redacted. He proposed a narrower alternative that would protect any confidential information while still allowing access to non-confidential material. He stated:

> "If defendant genuinely believed limited information required redaction, she could have permitted supervised review or redacted sensitive material."
>
> See "Cr 37 page 4 of 6"

Nevada's public-records frame work, likewise, recognizes redaction as a mechanism for separating exempt material from otherwise disclosable records. See NRS 239.010 (3).

The district court never meaningfully analyzed this alternative. Instead, it treated the case as presenting only two possibilities:

1.) Complete disclosure, or
2.) Complete withholding

That framing ignored Appellant's proposed alternative and effectively bypassed the inquiry required by Turner's fourth factor. Had confidential information truly existed within the records, redaction would have protected inmate privacy while preserving access to public, parole information.

The existence of that obvious alternative undermines the district court's conclusion that complete withholding was reasonable.

## VI.
## CONCLUSION

The district court resolved disputed issues of material fact in a favor of the moving party, accepted unsupported assertions concerning the nature of the requested records, failed to consider redaction as a obvious alternative, and misapplied the Turner framework by treating Appellant's as-applied challenge as a facial attack on prison regulations.

For these reasons, Appellant respectfully requests that this court reverse the grant of summary judgement and remand the case for further proceedings.

## VII.
## Certificate of Compliance

Pursuant to FRAP 32, the brief's line spacing is double spaced and proportionally spced. The word count is. 3,921

Dated this EIGHTEENTH day of August, 2026.

By. D. L. M.
Deangelo L. Mitchell #68400
Appellant In - proper person

## Certificate of Service

I certify that I am the Appellant in the above entitled pleading, and that on August 18, 2026, I electronically filed the foregoing "Appellant's Opening Brief", via the prison's electronic filing system, to the following party:

**vcory@a.g.nv.gov**

By. D. L. M.
Deangelo L. Mitchell #68400
Appellant In-proper person